UNITED STATES of America,
Plaintiff—Appellee,

v.

John Henry OWENS, Defendant—
Appellant.

No. 03–10395.
D.C. No. CR–02–00986–PGR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 13, 2004.

Decided April 28, 2004.

Joan G. Ruffennach, Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Jon M. Sands, Gregory A. Bartolomei, Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

Before T.G. NELSON, W. FLETCHER, and BERZON, Circuit Judges.

MEMORANDUM *

John Henry Owens appeals his conviction under 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm. He also appeals his resulting prison sentence. We affirm. Because the facts are familiar to

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the parties, we do not recite them here except as necessary to clarify our decision.

■ Owens contends that the district court erred by failing to provide the jury with a "mere presence" instruction.[1] The Government's case against Owens, however, rested on more than his mere presence at the scene of the crime.[2] Other evidence the Government presented supporting Owens' possession of the firearms included: (1) Owens' ownership of the vehicle in which they were found; (2) the fact he was driving that vehicle; (3) the open and obvious locations of the firearms in the car; (4) Owens' knowledge that the correct license plates for the car were in the trunk (where two of the firearms were also located); and (5) Owens' knowledge that his live-in girlfriend had inherited the firearms and intended to keep them. Additionally, the district court properly instructed the jury regarding the knowledge and control elements of 18 U.S.C. § 922(g)(1). The district court therefore did not err by excluding a "mere presence" instruction from the jury instructions.[3]

■ Owens also appeals his sentence. He argues that the district court erred when it applied a two-level enhancement

under United States Sentencing Guidelines § 2K2.1(b)(4) for an obliterated serial number on a firearm that was not included in the indictment. The enhancement, while raising Owens' minimum sentence, did not extend his sentence beyond the statutory maximum authorized by the jury.[4] The district court therefore did not violate *Apprendi v. New Jersey*[5] in its application of the enhancement and thus no error occurred in his sentence.[6]

For the foregoing reasons, we affirm.

AFFIRMED.

---

1. *See United States v. Technic Servs., Inc.,* 314 F.3d 1031, 1038 (9th Cir.2002) ("Whether a jury instruction adequately covers a defendant's proffered defense is reviewed de novo."); *United States v. Dixon,* 201 F.3d 1223, 1230 (9th Cir.2000) (stating that this court's review of the jury instructions should involve an "inquiry [into] whether the instructions as a whole are misleading or inadequate to guide the jury's deliberation").

2. *See United States v. Negrete–Gonzales,* 966 F.2d 1277, 1282 (9th Cir.1992) ("If the government's case is based on more than just a defendant's presence, and the jury is properly instructed on all elements of the crime, then a 'mere presence' instruction is unnecessary.").

3. *See id.*

4. *See* 18 U.S.C. § 924(a)(2) (imposing a ten-year statutory maximum of imprisonment for violation of 18 U.S.C. § 922(g)(1)).

5. 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (holding that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt").

6. *See Harris v. United States,* 536 U.S. 545, 557, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) (clarifying that *Apprendi*'s holding does not extend to "a fact increasing the mandatory minimum (but not extending the sentence beyond the statutory maximum), for the jury's verdict has authorized the judge to impose the minimum with or without the finding" of that fact by the court).