**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John Henry OWENS, Defendant–Appellant.**

**No. 03–10395.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 13, 2004.

Decided July 25, 2005.

---

Joan G. Ruffennach, Esq., USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Jon M. Sands, Esq., Gregory A. Bartolomei, Esq., FPDAZ–Federal Public Defender'S Office, Phoenix, AZ, for Defendant–Appellant.

Before: T.G. NELSON, W. FLETCHER, and BERZON, Circuit Judges.

## MEMORANDUM [*]

John Henry Owens appealed his conviction under 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm. He also appealed his resulting sentence. We affirmed his conviction and sentence in a memorandum disposition.[1] The Supreme Court vacated that disposition and remanded to this court for further consideration in light of *United States v. Booker*.[2] We affirm Owens' conviction, and vacate and remand his sentence. Because the facts are familiar to the parties, we do not recite them here except as necessary to clarify our decision.

Owens contends that the district court erred by failing to provide the jury with a "mere presence" instruction.[3] The Government's case against Owens, however, rested on more than his mere presence at the scene of the crime.[4] Other evidence the Government presented supporting Owens' possession of the firearms included: (1) Owens' ownership of the vehicle in

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *United States v. Owens*, 98 Fed. Appx. 595 (9th Cir.2004) (unpublished disposition).

2. —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *Owens v. United States*, —— U.S. ——, 125 S.Ct. 997, 160 L.Ed.2d 1013 (2005).

3. *See United States v. Technic Servs., Inc.*, 314 F.3d 1031, 1038 (9th Cir.2002) ("Whether a jury instruction adequately covers a defendant's proffered defense is reviewed de novo."); *United States v. Dixon*, 201 F.3d 1223, 1230 (9th Cir.2000) (stating that the relevant inquiry regarding jury instructions is "whether the instructions as a whole are misleading or inadequate to guide the jury's deliberation").

4. *See United States v. Negrete–Gonzales*, 966 F.2d 1277, 1282 (9th Cir.1992) ("If the government's case is based on more than just a defendant's presence, and the jury is properly instructed on all elements of the crime, then a 'mere presence' instruction is unnecessary.").

which they were found; (2) the fact he was driving that vehicle; (3) the open and obvious locations of the firearms in the car; (4) Owens' knowledge that the correct license plates for the car were in the trunk (where two of the firearms were also located); and (5) Owens' knowledge that his live-in girlfriend had inherited the firearms and intended to keep them. Additionally, the district court properly instructed the jury regarding the knowledge and control elements of 18 U.S.C. § 922(g)(1). The district court therefore properly did not provide the jury with a "mere presence" instruction.

Owens also argues that the district court erred in sentencing him when it applied a two-level enhancement under United States Sentencing Guidelines § 2K2.1(b)(4) for an obliterated serial number on a firearm that was not included in the indictment. Owens adequately preserved his Sixth Amendment claim in his objections to the presentence report. In light of *Booker*, we vacate Owens' sentence and remand for resentencing.[5]

Conviction AFFIRMED; Sentence VACATED AND REMANDED.

---

5. *See Booker*, 125 S.Ct. at 769.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.